*E-Filed 09/09/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLGA S. SMYLIE, on behalf of herself and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>CALIFORNIA PHYSICIAN'S SERVICE, d/b/a BLUE SHIELD OF CALIFORNIA, a California Corporation, and DOES 1-100, inclusive,<br><br>  Defendants. | No. 10-CV-02966 RS<br><br>**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiff Olga Smylie sued defendant California Physician Service d/b/a Blue Shield of California ("Blue Shield") in California state-court, alleging that Blue Shield improperly increased the copayment maximum of a health plan to which Smylie subscribed. Smylie's state-court complaint includes five causes of action: (1) false advertising, Cal. Bus. & Prof. Code § 17500 *et seq.*; (2) violations of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"); (3) injunctive relief pursuant to California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"); (4) relief for constructive trust; and (5) relief for conversion. Blue Shield removed the case to this Court, and filed a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6). The parties appeared for oral argument on the motion in this Court on August 26, 2010.

No. C 10-02668 RS

## II. BACKGROUND

According to her complaint, Smylie subscribed to Blue Shield's Spectrum PPO Savings Plan 2400/4800 (the "Health Plan"), which she alleges was advertised to her and other members of the putative class as having a "Calendar-year Out-Of-Pocket Maximum" ("Copayment Maximum"). Smylie avers that she was deceived into believing that under the Health Plan she would incur no additional costs once the Copayment Maximum had been paid. In May 2008, however, after she had reached her Copayment Maximum for the year, Smylie alleges that Blue Shield raised the Copayment Maximum by $1,400, which she and other members of the putative class had no choice but to pay in order to maintain their health insurance coverage. Smylie further maintains that the written materials Blue Shields provides to explain the Health Plan are ambiguous and contradictory. In particular, she points to the "Evidence of Coverage and Health Service Agreement," which includes a "Plan Change" clause that permits Blue Shield to amend its benefits, but which Smylie avers is only delivered to subscribers after they have purchased health insurance.

Blue Shield moves to dismiss the entire complaint on the basis that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*, preempts each of the state law claims. In the alternative, Blue Shield argues that Smylie failed to plead sufficient facts upon which relief can be granted under the CLRA, for conversion, or for a constructive trust.[1] Blue Shield asserts that the Health Plan is an ERISA-governed employee welfare benefit plan because it provided health insurance benefits to Smylie and was paid for by Smylie's employer, Road Runner Collection Services, Inc. ("Road Runner"). In support of this argument, Blue Shield includes as exhibits to its motion a number of documents purporting to show that Smylie is the owner, chief executive officer, president, or all three, of Road Runner, and that Road Runner paid the Health Plan's premiums in 2008. In particular, defendants include a copy of the corporate record for Road

---

[1] Ordinarily, a complaint that only raises state-law claims on its face cannot be removed to federal court based upon a federal preemption defense. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). One exception, however, is where "Congress has completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character," such as in cases arising under ERISA section 502(a). *Id*. at 63-64.

Runner, copies of checks purporting to be from Road Runner to Blue Shield, and documents from the Federal Election Commission's website.

### III. LEGAL STANDARD

Review of a motion to dismiss under Rule 12(b)(6) is generally limited to the face of the complaint, unless the court treats the motion as one for summary judgment pursuant to Rule 56. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this general rule, such that a court can consider extrinsic evidence without converting a Rule 12(b)(6) motion to a motion for summary judgment. First, a court may consider documents which are properly submitted as part of the complaint or, if those documents are not physically attached to the complaint, "they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Id*. (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.1998)). Second, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

### IV. DISCUSSION

Blue Shield requests the Court to take judicial notice of its exhibits, or to find that Smylie necessarily relied upon the attached documents in her complaint. Much of the evidence that is central to Blue Shield's motion to dismiss, however, is neither judicially noticable nor properly considered as part of the complaint. Because this evidence is relevant to the issue of Smylie's relationship with Roadrunner, which could be dispositive as to the question of preemption, the Court cannot rule on the motion without converting it to one for summary judgment. Therefore, the Court orders as follows:

1) The motion to dismiss is denied without prejudice;

2) Blue Shield may file a motion for summary judgment pursuant to Rule 56 on the question of federal preemption;

3) Blue Shield shall file its motion for summary judgment no more than 90 days from the date of this Order;[2]

4) The parties may conduct limited discovery on the question of federal preemption; and

5) Nothing in this Order shall foreclose Blue Shield, should federal preemption not apply, from filing a subsequent motion for summary judgment on an issue other than federal preemption or from renewing its motion to dismiss for Smylie's failure to plead sufficient facts upon which relief can be granted under the CLRA, for conversion, or for a constructive trust.

IT IS SO ORDERED.

Dated: 09/09/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] At the hearing on the motion to dismiss, counsel for both parties agreed to conduct limited discovery for purposes of the motion for summary judgment and that Blue Shield shall file the motion within 90 days.

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Crystal Ann Poole**
P.O. Box 6913
San Pablo, CA 94806-6913

DATED: 09/08/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.

United States District Court
For the Northern District of California

No. C 10-01776 RS
ORDER